James C. KHOURY and Oliver W. Bivins, Plaintiffs,

v.

Myron BUTTRAM et al., Defendants.

Civ. No. 74–253–D.

United States District Court, W. D. Oklahoma, Civil Division.

Oct. 24, 1974.

Collier Pate, Oklahoma City, Okl., for plaintiffs.

Charles D. Crandall, Oklahoma City, Okl., for Buttram.

R. C. Jopling, Jr., Oklahoma City, Okl., for Hall of Fame.

MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiffs, claiming to be the owners of an oil painting known as "Children of

Mountains" painted by Thomas Moran, sue the Defendants for possession of said painting, asserting that the painting is in the actual possession of the Defendant The National Cowboy Hall of Fame And Western Heritage Center (Cowboy Hall) and that Defendant Buttram may claim some possessory interest in said painting. The parties agreed to the Order the Court filed herein on March 26, 1974 which placed said painting in the care, custody and control of the Cowboy Hall until the further Order of this Court. In this litigation the Cowboy Hall does not claim an ownership interest in said painting and has the posture of a mere stakeholder thereof. Defendant Buttram however claims that he, in fact, is now the owner of said painting in that he properly exercised an option to repurchase the same from the Plaintiffs, said option being a part of his sale agreement of said painting to Plaintiffs, by reason whereof he is now the owner of said painting and entitled to its possession as against the Plaintiffs.

It is the contention of the Plaintiffs that they own the painting by virtue of a Bill of Sale executed to them for said painting by the Defendant Buttram. Plaintiffs further assert that two extensions of time with reference to Defendant Buttram's option to repurchase the painting, which option was a part of the sale agreement, were legally ineffectual for a lack of consideration passing between the parties for the same at the time said extensions were agreed to and in the alternative that if said extensions were valid extensions that Defendant Buttram failed to exercise his repurchase option within the time period of the second and last extension and in the manner prescribed for exercising the same. Defendant Buttram contends that the repurchase option originally agreed upon between he and Plaintiffs was validly extended by the parties on two occasions and that the extensions were legally effective. Further, that he legally and properly exercised his repurchase option in the manner agreed upon by the parties and within the time provided by the second and last extension by reason whereof he is, in fact, the owner of said painting entitled to the possession of the same to the exclusion of Plaintiffs.

As to the legal enforceability of the two extensions of time within which Defendant Buttram had the right to exercise his repurchase option, the Court finds and concludes from the evidence that both of said extensions were mutually agreed upon by the parties, that is, the Plaintiffs and Defendant Buttram, and both extensions were supported by a legal consideration in the form of the promises of the parties thereto.

17 AmJur2d, Contracts, § 473, p. 943 provides in part as follows:

"A mutual agreement by the parties to a contract to postpone the performance of it is valid, for the promise on one side is a consideration for the promise on the other. At any time previous to an actual breach of an executory contract, the time fixed in it for performance may be extended without any other consideration than the mutual consent of the contracting parties. It has been said that the consideration of the original contract extends over and supports it as extended by a new agreement enlarging the time for it to be performed . . ."

In view of the evidence clearly indicating a mutual agreement between the parties as to each extension to postpone or extend the performance or repurchase date prescribed by the option possessed by Defendant Buttram, the Court finds that the extension agreements were each supported by a legal consideration and each are legally enforceable if the terms and provisions thereof have been met.

As to Defendant Buttram exercising his option to repurchase the painting, as extended, it was the testimony of Plaintiff Khoury on behalf of the Plaintiffs that on September 29, 1973 he notified Defendant Buttram by telephone in keeping with the provisions of the second and last extension that he (Defendant Buttram) had ten (10) days

from that date in which to pay the money and exercise the repurchase option. This kept the repurchase option open until October 9, 1973. Defendant Buttram testified that based on this telephone conversation he considered the second and last extension agreement gave him repurchase rights to and including October 9, 1973. On this date it appears that the Defendant Cowboy Hall gave to Defendant Buttram a letter of intent by which, on ten (10) days notice, it agreed to buy the painting for $110,000.00. Defendant Buttram testified that upon obtaining this letter of intent he attempted to call Plaintiff Khoury, who lived in Amarillo, Texas, by long distance telephone on October 9, 1973 and on subsequent days to advise him of this letter of intent and by the same to exercise his repurchase option but that he was unable to reach Plaintiff Khoury. The evidence further discloses that no communications of any kind were made by Defendant Buttram or Defendant Cowboy Hall to the Plaintiffs on and from October 9, 1973 until October 16, 1973 when Defendant Buttram and Cowboy Hall, through its Director, placed a long distance telephone call to Plaintiff Khoury in Amarillo. The evidence reveals and the Court finds that in this conversation Plaintiff Khoury informed both Defendants that the Plaintiffs owned the painting and that Defendant Buttram did not own the same. Upon the Defendant Cowboy Hall indicating a desire to purchase the painting under any circumstances, Plaintiff Khoury said he would be agreeable to selling the painting but that they could have trouble with Plaintiff Bivins who owned the painting with him and that he would try to work it out. On October 19, 1973, Plaintiff Khoury traveled to Oklahoma City, contacted the Director of Defendant Cowboy Hall and again advised him that they (the Plaintiffs) owned the painting, that Defendant Buttram had not exercised his repurchase option as extended and that Plaintiff Bivins was not agreeable to effecting a sale of the painting to the Defendant Cowboy Hall.

With these findings of fact the principal question before the Court is whether Defendant Buttram properly exercised his option right to repurchase the painting on or before October 9, 1973, the last day of the option according to the testimony of Defendant Buttram himself as well as the Plaintiff Khoury.

The Court finds and concludes from the evidence that Defendant Buttram did not properly exercise his right to repurchase the painting under his option as extended. First the repurchase option by its own terms called for Defendant Buttram to repurchase the painting on or before a specified date "by paying to you (Plaintiffs) the sum of $100,000.-00 and in addition thereto such sums as you may have been obligated to pay in interest upon any monies with which you borrow to purchase the painting." In this connection, the Court finds that in the mutual agreement bringing about the second and last extension of the option the parties did agree and understand that the interest obligation above referred to was in the sum of approximately $8,000.00. Under the evidence Defendant Buttram did not pay to the Plaintiffs the sum of $108,000.00 on or before October 9, 1973. Moreover, Defendant Buttram made no tender to the Plaintiffs of the sum of $108,000.00 on or before October 9, 1973. In this connection, the commitment letter of the Defendant Cowboy Hall under date of October 9, 1973 provided that it agreed to purchase this painting for $110,000.00 upon notification to them of not less than ten days from Defendant Buttram. Thus, had Defendant Buttram contacted Plaintiffs on October 9, 1973 by telephone and read to them the letter of commitment, such would not in and of itself have been either payment or legal tender under the repurchase option which would have bound the Plaintiffs.

17 AmJur2d, Contracts, § 359, pp. 799–780 provides as follows:

"If a tender of performance is required, it must, of course, be made in

accordance with the terms of the contract and must generally be made within the time stated for performance. If no time is stated in a contract for performance, a tender must ordinarily be made within a reasonable time; and whether a tender has been made within a reasonable time must be determined from all the circumstances. The sufficiency of a tender of performance depends upon the circumstances of the case and, in some jurisdictions, upon the pertinent statutes. In any event, however, the tender or offer must be an actual one and must be made in good faith."

The Court finds and concludes that Defendant Buttram did not exercise his option in accordance with the terms of the option contract nor within the time stated for performance of the repurchase option. Moreover, Defendant Buttram did not make a tender of performance within the time when the option was in force and effect. The burden was on Defendant Buttram to comply with the terms of the option which required the payment of $108,000.00 to the Plaintiffs on or before October 9, 1973.

60 AmJur2d, Payment, § 22, p. 626 provides as follows:

"§ 22. General rule requiring payment in money.

Unless the parties agree otherwise, or obligee consents to receive some other medium, payment of an obligation may be made only in money, and it follows that a tender must be made in money or in that which by law passes as money for the payment of debts. Money is the natural standard of value, which theoretically is not supposed to fluctuate from year to year; and when the sum in dollars and cents is expressed in a contract, to be paid by one to another, it should not be rejected for a more uncertain standard. Therefore, unless the parties so agree, a debtor has no right, except at his own peril, to substitute something in lieu of money as the medium of payment of his debt. A creditor's mere acceptance of the debtor's

assignment of moneys to become due from a third person does not constitute payment, in the absence of an agreement or proof of intention to receive it as such."

74 AmJur2d, Tender, § 21, p. 559 provides in part as follows:

"21. Medium, generally.

In the absence of an agreement between the parties expressing or plainly indicating a contrary intent, the sole medium of payment is money, or that which the law has declared shall pass as the legal equivalent for the payment of debts, and this must necessarily be the controlling rule as to tender, since tender, upon acceptance, operates to pay or discharge the debt or obligation."

Under the evidence Defendant Buttram did not on or before October 9, 1973 either have or tender the money with which to exercise his repurchase option. He had only a commitment letter from the Defendant Cowboy Hall dated October 9, 1973 which had a ten-day delay of performance proviso. Defendant Buttram did not in any event either exercise his repurchase option, as extended, in the manner or within the time agreed upon or even tender performance thereof to the Plaintiffs. This situation was not in any way changed by the long distance telephone conversation between Defendants Buttram and Cowboy Hall at one end with Plaintiff Khoury in Amarillo on October 16, 1973. In this conversation Defendant Cowboy Hall learned for the first time, so its Director testified, that Plaintiffs were claiming full ownership of the painting to the exclusion of any rights therein by Defendant Buttram. An offer to then purchase the painting directly from the Plaintiffs was not accepted or finalized. Though Plaintiff Khoury expressed himself as being agreeable to such a sale he stated that they might have trouble with Plaintiff Bivins, his co-owner, and that he would try to work it out. On October 19, 1973 Plaintiff Khoury came to Oklahoma City, contacted the Defendant Cowboy

Hall and advised it that Plaintiff Bivins was not agreeable to the sale of the painting and again stated that Plaintiffs claimed full ownership thereof, Defendant Buttram not having exercised his repurchase option, as extended, within the time and in the manner agreed upon between the parties.

In view of the foregoing, the Court finds and concludes that the Plaintiffs are entitled to prevail herein as the owners of the painting involved and are entitled to an Order and Judgment of the Court directing delivery of it into their possession by Defendant Cowboy Hall, who is now in actual possession of the painting, free and clear of any claims thereto of Defendant Buttram.

Plaintiffs request an attorney fee in connection with this action. Jurisdiction herein is based on diverse citizenship of the parties and presence of the required jurisdictional amount. Oklahoma substantive law applies. 12 Oklahoma Statutes § 1580, as amended in 1972, provides as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same. *The judgment rendered in favor of the prevailing party in such action may include a reasonable attorney fee to be set by the court, to be taxed and collected as costs.*" (emphasis added)

█ █ Plaintiffs' action is to recover possession of personal property, specifically, the painting. Under the above Statute the Plaintiffs are entitled to recover a reasonable attorney fee herein as they are the prevailing party and are entitled to a judgment for possession of the painting as against Defendant Buttram who claims possessory rights therein as its rightful owner. Defendant Buttram's position that this action does not fall under the above Statute is deemed to be without merit.[1] In this connection, however, as Defendant Cowboy Hall is a mere stakeholder it should not, in the judgment and discretion of the Court, be subjected to the payment of an attorney fee to Plaintiffs.

The amount of a reasonable attorney fee for Plaintiffs payable by Defendant Buttram is reserved by the Court and unless the parties agree upon the amount thereof and notify the Court in writing of said agreed amount within fifteen (15) days from the date hereof, the Court will set the matter for hearing and decision as to a reasonable attorney fee for Plaintiffs.

Judgment based on this Memorandum Opinion will be withheld until the Court concludes the matter of fixing a reasonable attorney fee for Plaintiffs.

1. Defendant Buttram contends that Plaintiffs' action is to interpret the repurchase option, to interpret the extensions thereof, to quiet title to the painting, to extinguish any rights Defendant Buttram had in the painting and that there was no action against Buttram to obtain possession of the painting. But, contrary to Defendant Buttram's contention, Plaintiffs' action and the requested relief therein was for, "judgment against defendants for the immediate possession of said property, . . . ". Defendant Cowboy Hall, according to the evidence, held the painting at the direction of Plaintiffs and Defendant Buttram with letter instructions providing, "Any future release of this painting will be by written permission from Mr. Myron Buttram and Mr. Jim Khoury, or Mr. Oliver Bivins." It seems clear to the Court under the pleadings and evidence that Plaintiffs' action herein is, "to recover the possession of personal property," (the painting) and seeks possession against the ownership claims of Defendant Buttram and is within the contemplation and intent of 12 Oklahoma Statutes § 1580. An action to recover the possession of specific personal property should contemplate issues such as those suggested above by Defendant Buttram. Such issues therefore would not change the nature of the action from one to recover possession of personal property which is the prime and ultimate object of the action.